UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Tavarus Hardaway,

        Defendant.

**ORDER**
Criminal No. 15-60(2) ADM/BRT
Civil No. 16-2223 ADM

_____

LeeAnn K. Bell, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Tavarus Hardaway, pro se.
_____

On June 11, 2015, Defendant Tavarus Hardaway ("Hardaway") entered a plea of guilty for aiding and abetting bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 2. See Min. Entry [Criminal Docket No. 41].[1] The plea agreement states that due to his prior convictions, including two convictions for robbery, the Government and Hardaway believe Hardaway is a Career Offender under U.S.S.G. § 4B1.1. Plea Agreement [Docket No. 42] ¶ 5. On September 10, 2015, Hardaway was sentenced to 115 months imprisonment. Sentencing J. [Docket No. 59]. Hardaway did not directly appeal his sentence.

On July 5, 2016, Hardaway filed an Amended Motion to Vacate under 28 U.S.C. § 2255 [Docket No. 66] (the "Motion"), arguing that his sentence was improperly enhanced because his prior convictions were not predicate offenses to trigger the Career Offender enhancement under U.S.S.G. § 4B1.1. On July 25, 2016, the Government responded by filing a Motion to Stay [Docket No. 69] pending resolution of the United States Supreme Court case Beckles v. United

---

[1] All docket citations are to the Criminal Docket.

States. The question presented in Beckles was whether the rule of Johnson v. United States, 135 S. Ct. 2551 (2015)—holding the residual clause of the Armed Career Criminal Act unconstitutionally vague and retroactively available on collateral appeal—applied to the Career Offender enhancement under the sentencing guidelines. Because Beckles was likely to have a significant effect on the resolution of Hardaway's Motion, the Government's Motion to Stay was granted. Order [Docket No. 70].

On March 6, 2017, the Supreme Court decided Beckles by holding the residual clause in § 4B1.2(a)(2) is not void for vagueness. 137 S. Ct. 886, 892 (2017). Since Hardaway's Motion rests entirely upon his contention that Johnson's void-for-vagueness holding would be extended to the Career Offender enhancement under the sentencing guidelines, Beckles squarely forecloses Hardaway's Motion.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Tavarus Hardaway's Amended Motion to Vacate under 28 U.S.C. § 2255 [Docket No. 66] is **DENIED**. A certificate of appealability shall not issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: May 26, 2017.