# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.

Tavarus Hardaway,

    Defendant.

**ORDER**
Criminal No. 15-60(2) ADM/BRT

_____

LeeAnn K. Bell, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Tavarus Hardaway, pro se.
_____

This matter is before the undersigned United States District Judge for a ruling on Defendant Tavarus Hardaway's ("Hardaway") Motion for Compassionate Release from Custody or Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A) [Docket No. 110]. For the reasons stated below, the Motion is denied.

On January 22, 2015, and February 1, 2015, Hardaway and his co-defendant Marcus Houston ("Houston") robbed two banks in Minnesota. Presentence Investigation Report ("PSR") [Docket No. 52] ¶¶ 7–12. During each robbery, Hardaway served as the driver while Houston presented the tellers with a note threatening to shoot them if they did not comply. Id.

On June 11, 2015, Hardaway entered a plea of guilty to two counts of aiding and abetting bank robbery, in violation of 18 U.S.C. §§ 2 and 2113(a). See Min. Entry [Docket No. 41]; Plea Agreement [Docket No. 42]. Hardaway was sentenced in September 2015 to 115 months on each count, to run concurrently. Min. Entry [Docket No. 58]; Sentencing J. [Docket No. 59] at 2.

Hardaway has a long history of theft-related crimes that dates back to 1982, when he committed armed robbery at age 15. PSR ¶ 46. In 1987, Hardaway was convicted of possession of a stolen vehicle and residential burglary. Id. ¶¶ 51–52. He was sentenced to seven years for the residential burglary and was paroled in April 1992. Id. ¶ 52. Three months later, he committed robbery and was sentenced to 15 years. Id. ¶ 53. He was paroled in 2000, and committed retail theft in 2002, resulting in a 30 month sentence. Id. ¶ 57. In 2004, Hardaway committed yet another robbery and received a six year sentence. Id. ¶ 58. After his release from prison on the 2004 robbery, Hardaway incurred two felony convictions for possession of cocaine base and cocaine in 2006 and 2008, and a misdemeanor conviction for aggravated assault with a weapon in 2008. Id. ¶¶ 59–61. He then committed felony retail theft in 2009, as well as four misdemeanor thefts from 2012 to 2014. Id. ¶¶ 62–63, 66–67.

Hardaway is serving his current sentence at the Federal Correctional Institution in Terre Haute, Indiana ("FCI Terre Haute"), and has completed approximately two thirds of his sentence. His anticipated release date is May 13, 2023. See Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited June 30, 2021). While in custody, Hardaway has participated in educational courses offered by the Bureau of Prisons ("BOP") and is currently enrolled in the BOP's Residential Drug Abuse Program. Mot. at 2.

Hardaway now moves for a compassionate release sentence reduction under 18 U.S.C. § 3582(c)(1)( A). Hardaway, age 55, argues that he suffers from Type II diabetes, high blood pressure, high cholesterol, and arthritis in his knee, and that these health conditions place him at heightened risk for COVID-19.

Hardaway's medical records confirm that he is a Type II diabetic, has high blood

pressure, and has some arthritis in his knee. See Gov't Ex. 1 [Docket No. 141] at 16, 51. The records also show that he tested positive for COVID-19 on November 9, 2020. Id. at 29. He reported only mild symptoms at the time of the diagnosis, and denied any symptoms on November 23, 2020. Id. As a result, he was medically cleared to be released from isolation and his COVID-19 diagnosis was considered resolved. Id.

In January 2021, Hardaway wrote a letter to the Court stating that he was experiencing chest pain, loss of taste, and difficulty smelling. See Letter, Jan. 21, 2021 [Docket No. 114] at 1. His medical records do not mention these claims, and he has not seen medical staff for any COVID-related difficulties since he was cleared from isolation on November 23, 2020. See generally Gov't Ex. 1. In March 2021, Hardaway received two shots of the COVID-19 Pfizer vaccine and is now fully inoculated against the virus. Id. at 61.

Generally, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One of the few exceptions to this general rule is the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may reduce a term of imprisonment if, "after considering the factors set forth in section 3553(a)," the court finds that "extraordinary and compelling reasons" warrant a sentence reduction, "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

A defendant may not bring a motion for compassionate release until after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

3

Hardaway has satisfied the exhaustion requirement because he filed a request for release with the warden of his facility on October 6, 2020, and more than 30 days have elapsed since he filed the request. See Gov't Ex. 2 [Docket No. 142]; Letter, Nov. 2, 2020 [Docket No. 111]. His Motion is therefore ripe for review.

Hardaway's health conditions do not constitute extraordinary and compelling circumstances warranting a compassionate release sentence reduction. Any risk of Hardaway becoming reinfected and seriously ill from COVID-19 has been substantially reduced because he is now fully vaccinated. The Pfizer vaccination provides Hardaway with significant protection against severe illness or death from COVID-19 should he become reinfected. As a result, Hardaway's health conditions amid the COVID-19 pandemic do not constitute extraordinary and compelling reasons warranting a sentence reduction. See United States v. Rodriguez, No. 15-CR-0254 (PJS), 2021 WL 1187149, at *1 (D. Minn. Mar. 30, 2021) (finding no extraordinary and compelling reasons, despite defendant's medical conditions, because defendant "is or will soon be fully vaccinated against COVID-19"); United States v. Williams, No. CR 16-251 (DWF), 2021 WL 1087692, at *3 (D. Minn. Mar. 22, 2021) (denying compassionate release because "any risk that [defendant] will be reinfected with COVID-19 is largely mitigated by the fact that he has been fully vaccinated against the virus"); United States v. Singh, No. 4:15-CR-028-11, 2021 WL 928740, at *3 (M.D. Pa. Mar. 11, 2021) (denying release for inmate with obesity and Type II diabetes where inmate had received both doses of Moderna vaccine, and noting that the denial was "in accord with the vast majority of courts that have considered this issue").

In addition to his vaccination, Hardaway's recovery after a positive COVID-19 test

4

provides him with some natural immunity and lessens his risk of re-infection. The CDC states that "[c]ases of reinfection with COVID-19 have been reported, but remain rare." CDC, Reinfection with COVID-19, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last visited June 30, 2021). Thus, Hardaway's prior infection is an additional basis for concluding that his health conditions are not extraordinary and compelling. See United States v. Godoy-Machuca, No. 1601508001, 2021 WL 961780, at *2 (D. Ariz. Mar. 15, 2021) (holding that defendant with Type II diabetes, hypertension, obesity, and other ailments had not shown extraordinary and compelling reasons for release because defendant had contracted and recovered from COVID-19 and was also fully vaccinated); Rodriguez, 2021 WL 1187149, at *2 (denying compassionate release where defendant was previously infected with COVID-19, had recovered, and was vaccinated); Williams, 2021 WL 1087692, at *3 (same).

Hardaway also has not shown a particularized risk of contracting COVID-19 at FCI Terre Haute. There are currently no inmates or staff members infected with COVID-19 at the facility. See Federal Bureau of Prisons, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last visited June 30, 2021). Moreover, as of the date of this Order, 290 staff members and 1393 inmates at the Terre Haute complex have been fully vaccinated against COVID-19. Id.

Because Hardaway is vaccinated against COVID-19, has some natural immunity to the virus, and is incarcerated at a facility with no active COVID-19 infections, his medical conditions are not extraordinary and compelling reasons for his release.

Even if Hardaway could show extraordinary and compelling circumstances, the Motion would be denied because the sentencing factors in § 3553(a) weigh against his release. These

factors include "the nature and circumstances of the offense" and "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law ... to provide just punishment for the offense ... to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).

The nature and circumstances of the offenses warrant a sentence of 115 months, even when considering Hardaway's medical conditions and the pandemic. Not only did Hardaway participate in two bank robberies in which victims were threatened with being shot if they did not cooperate, he did so after decades of committing theft-related offenses. Releasing Hardaway at this time would detract from the seriousness of the offenses, diminish respect for the law, and afford inadequate deterrence for the crimes committed.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Tavarus Hardaway's Motion for Compassionate Release from Custody or Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A) [Docket No. 110] is **DENIED**.

BY THE COURT:

s/Ann D. Montgomery  
ANN D. MONTGOMERY  
U.S. DISTRICT COURT

Dated: June 30, 2021